# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHEL STYCZYNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02662-GAM |
| | ) | |
| MARKETSOURCE, INC., AND | ) | |
| ALLEGIS GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS, OR ALTERNATIVELY,
TO STAY THE PROCEEDINGS PENDING ARBITRATION**

## I. Introduction

Plaintiff Rachel Styczynski ("Styczynski") has asserted claims against Defendant MarketSource, Inc. ("MarketSource") and Defendant Allegis Group, Inc. ("Allegis") (collectively "Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Rights Act ("PHRA"), 43 P.S. § 951, *et seq.* However, Styczynski agreed in writing to arbitrate any employment-related claim she has against MarketSource and its "affiliates," including Allegis. In light of their contractual agreements, Styczynski cannot pursue her claims against MarketSource and Allegis in this (or any other) court. Therefore, the Court should enter an Order dismissing the claims of Styczynski without prejudice to her ability to

pursue those claims in arbitration, or alternatively, stay the proceedings instituted herein pending arbitration.[1]

## II. Background

1. Styczynski was employed with MarketSource, which provides outsourced sales and marketing solutions. Am. Compl. ¶¶ 1, 3, 10. MarketSource is a wholly owned subsidiary of Allegis. Am. Compl. ¶ 8.

2. Styczynski was initially employed by MarketSource as a part-time Sales Associate. Am. Compl. ¶ 38; Ex. A (Declaration of Shelton Guinn), ¶ 4. In March 2016, Styczynski was promoted to a District Manager position. Am. Compl. ¶ 45; Ex. A, ¶ 4.

3. When Styczynski was promoted in March 2016, she entered into a Mutual Arbitration Agreement ("Agreement"). Ex. A, ¶ 5; Ex. B (the Agreement).

4. Styczynski and Executive Director of Human Resources Elizabeth Novak signed the Agreement on March 14, 2016. *Id.*

5. Under the Agreement, Styczynski agreed that:

> [A]ll disputes, claims, complaints, or controversies ("Claims" that I may have against MarketSource and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims, **discrimination and/or harassment claims**, **retaliation claims**, claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims") are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or jury decide any Covered Claims.

---

[1] Defendants' counsel contacted Plaintiffs' counsel on August 3, 2018 and asked Plaintiff to voluntarily dismiss her claims against Defendants, in light of her Agreement. However, on August 6, 2018, Plaintiffs' counsel rejected the request to proceed in arbitration.

*Id.* (emphasis added).

6. In her Amended Complaint, Styczynski alleges she was subject to discrimination and retaliation during her employment with MarketSource in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII"); the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Rights Act ("PHRA"), 43 P.S. § 951, *et seq*. Am. Compl. ¶¶ 96–119.

### III. Legal Standard

The United States Court of Appeals for the Third Circuit has "clarif[ied] the standards to be applied to motions to compel arbitration, identifying the circumstances under which district courts should apply the standard for a motion to dismiss, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure, and those under which they should apply the summary judgment standard found in Rule 56." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 767 (3d Cir. 2013). As stated by the Third Circuit, "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Id.* at 776 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). Only if "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Id.* (quoting *Somerset Consulting*, 832 F. Supp. 2d at 482).

Here, the Court must consider the Agreement and apply the standard for a motion to dismiss, as provided by Federal Rule of Civil Procedure Rule 12(b)(6). Although Styczynski does not mention the Agreement in the Amended Complaint, it is clearly integral to the claims as it was signed pursuant to her employment. *See Colon v. Conchetta, Inc.*, No. 17-0959, 2017 WL 2572517 (E.D. Pa. June 14, 2017) (considering arbitration agreement integral to state and federal wage claims despite failure to mention the agreement in the complaint and using a motion to dismiss standard to rule on the motion to compel arbitration); *Hewitt v. Rose Grp.*, No. 15-5992, 2016 WL 2893350, at *2 n.1 (E.D. Pa. Mar. 21, 2016) ("It would frustrate the purposes of the Federal Arbitration Act if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints."). Because there is no question that the Agreement is integral to Styczynski's claims and the Agreement is authentic, the Court may consider it and rule on this motion using a motion to dismiss standard without delay.

## IV. Argument

The Federal Arbitration Act ("FAA") provides that a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such conduct or transaction . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA further provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided in such agreement." 9 U.S.C. § 4.

"The FAA ensures that arbitration agreements are enforceable to the same extent as other contracts by establishing a strong federal policy in favor of the resolution of disputes through arbitration." *Puelo v. Chase Bank USA, N.A.*, 605 F.3d 172, 178 (3d. Cir. 2010). The Supreme

Court "has continuously reinforced the liberal federal policy favoring arbitration agreements." *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983)).

When deciding a motion to enforce an arbitration provision, courts have the limited task of determining whether "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

Here, it is undisputable that a written agreement to arbitrate exists. Ex. A, ¶ 5. Styczynski entered into the Agreement with MarketSource to arbitrate any claim directly or indirectly related to her employment with MarketSource or the termination of said employment. *See* Ex. B. Further, Styczynski entered into the Agreement agreeing to arbitrate with MarketSource's "affiliates," including Allegis.[2] Therefore, there is a valid agreement to arbitrate with MarketSource and Allegis.

Additionally, all of the claims set forth in Plaintiff's Amended Complaint fall squarely within the scope of the claims covered by the Agreement. Each cause of action falls within one of the categories specifically mentioned in the Agreement as being included among the "Covered Claims" (*e.g.*, Discrimination (Counts 1–2, 4), Retaliation (Counts 1–4)).

There is no factual or legal basis upon which to claim that MarketSource or Allegis waived its right to arbitrate Styczynski's claims, as Defendants are timely asserting their right to arbitration. This motion is filed at the time Defendants' responsive pleadings are due.

Although not binding on this Court, another district court in a nearby jurisdiction has recently enforced an identical arbitration agreement in a case involving a fellow Allegis subsidiary. In *Abdul-Hasib v. Aerotek, Inc.*, United States District Court Judge Marvin Garbis

---

[2] Styczynski has essentially conceded that Allegis is an affiliate through the Amended Complaint. *See* Amended Compl. ¶¶ 8–11.

from the District of Maryland compelled arbitration of employment (wage) claims brought against Aerotek by plaintiffs who signed an identical agreement to the Agreement signed by Styczynski in this case. No. MJG-17-1502, 2017 WL 5903555 (D. Md. Nov. 30, 2017). There, the court found that the "claims are subject to a valid and enforceable arbitration agreement, and that "[b]y filing the instant lawsuit, [the plaintiffs] have breached the Agreement." *Id.* at *3. Here, as Aerotek established in *Abdul-Hasib*, MarketSource and its affiliate Allegis have established an agreement and right to arbitrate.

## V. Conclusion

Styczynski has agreed to arbitrate any employment-related claim against MarketSource and its affiliate, Allegis. Therefore, she must pursue her claims against MarketSource and Allegis, if at all, in arbitration. As a result, this Court should enter an order granting Defendants' motion or alternatively, staying the proceedings pending arbitration.

Respectfully submitted,

*/s/ Dwayne F. Stanley*
Dwayne F. Stanley            (PA # 86081)
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505
dwayne.stanley@huschblackwell.com

And

William E. Corum            *pro hac vice pending*
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: 816.983.8000
Facsimile: 816.983.8080
william.corum@huschblackwell.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on August 27, 2018, a true and accurate copy of the above was served on all parties receiving notice through the Court's CM/ECF system:

Caren N. Gurmankin
CONSOLE MATTIACCI LAW, LLC
1525 Locust St., 9th Floor
Philadelphia, PA 19102
Telephone: 215.545.7676

*Attorneys for Plaintiff*

                                          */s/ Dwayne F. Stanley*
                                          Attorney for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL STYCZYNSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-02662-GAM ) |
| MARKETSOURCE, INC., AND ALLEGIS GROUP, INC., | ) ) ) |
| Defendants. | ) ) |

## DECLARATION OF SHELTON GUINN

1. I, Shelton Guinn, am over 18 years of age and am competent to testify as a witness.

2. I am employed by MarketSource, Inc. ("MarketSource") in the position of Vice President of Human Resources.

3. Through my employment with MarketSource, and as a result of my review of MarketSource's records, I have knowledge of the following facts.

4. Plaintiff Rachel Styczynski worked for MarketSource:

   a. From January 2014 to March 2016, as a part-time sales associate; and

   b. From March 2016 to December 2017, as a district manager.

5. Exhibit B—Mutual Arbitration Agreement signed by Rachel Styczynski on March 14, 2016, and attached to Defendants' Motion to Dismiss or Alternatively, to Stay the Proceedings Pending Arbitration, is a true and accurate copy of a document kept by MarketSource in the ordinary course of business.

6. I state under penalty of perjury that the foregoing is true and correct.

Further Declarant sayeth naught.

1

8.29.2018
_____
Date

_Shelton Guinn_ (signed)
Shelton Guinn

# EXHIBIT B

# MUTUAL ARBITRATION AGREEMENT ("AGREEMENT")

As consideration for my application for and/or my employment with MarketSource, Inc. and for the mutual promises herein, I and the Company (as defined below) (each a "party" and collectively "the parties") agree that:

**Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," all disputes, claims, complaints, or controversies ("Claims") that I may have against MarketSource and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, arising out of and/or directly or indirectly related to my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury. The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.**

To the maximum extent permitted by applicable law, the parties agree that:
- No Covered Claims may be initiated or maintained on a class action, collective action, or representative action basis either in court or arbitration;
- A court of competent jurisdiction, not an arbitrator, must resolve issues concerning the enforceability or validity of the class action, collective action, or representative action waiver set forth above;
- If, for any reason, the class action, collective action, or representative action waiver is held unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the type of claim as to which the waiver was held unenforceable or invalid;
- All claims must be brought in a party's individual capacity and unless the parties expressly agree in writing, Covered Claims may not be joined or consolidated in court or arbitration with other individuals' claims, and no damages or penalties may be sought or recovered on behalf of other individuals; and
- While I have the right to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board ("NLRB"), the Department of Labor, the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency, if any federal, state or local administrative agency proceeding does not finally resolve the Covered Claim, the parties must submit the claim to arbitration under this Agreement.

Claims Not Covered by this Agreement
- Workers' compensation benefits, unemployment compensation benefits, claims for benefits under a plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and claims which are subject to the exclusive jurisdiction of the NLRB; and
- Any claim that is expressly precluded from arbitration by a governing federal law or by a state law that is not preempted by the Federal Arbitration Act ("FAA") or other federal law.

Arbitration Procedures
- The parties will use Judicial Arbitration and Mediation Services ("JAMS") subject to its then-current employment arbitration rules and procedures (and the then-existing emergency relief procedures contained in the JAMS comprehensive arbitration rules and procedures if either party seeks emergency relief prior to the appointment of an Arbitrator), available at www.jamsadr.com, unless those rules and/or procedures conflict with any express term of this Agreement, in which case this Agreement is controlling;
- No arbitration under this Agreement shall be subject to the JAMS Class Action Procedures;
- The arbitration will be heard by a single Arbitrator in the State or Territory where I worked at the time the claim arose;
- The Arbitrator will have the authority to decide a motion to dismiss and/or a motion for summary judgment by any party and shall apply the Federal Rules of Civil Procedure governing such motions; and

- The Arbitrator shall issue a final and binding written award, subject to review on the grounds set forth in the FAA. The award shall have no preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Arbitration Fees and Costs
- I will pay any JAMS filing or administrative fee up to the amount of the initial filing fee to commence an action in a Court that otherwise would have jurisdiction ("filing fee"), and the Company will pay any amount in excess of the filing fee.
- The Company will pay any other JAMS administrative fees, the Arbitrator's fees, and any additional fees unique to arbitration.
- I will pay my own attorneys' fees and all other costs and fees that I incur in connection with the Arbitration.
- The Company will pay its own attorneys' fees and all other costs and fees that it incurs in connection with the Arbitration.
- The Arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the applicable prevailing party, in which case the Arbitrator shall have the authority to make an award of attorneys' fees to the full extent permitted by applicable law. If there is a dispute as to whether the Company or I am the prevailing party, the Arbitrator will decide this issue.

Time Limitation for Commencing Arbitration
- The same statute of limitations that would have applied if the Claim was made in an administrative or judicial forum will apply to any Covered Claim.
- Arbitration is to be commenced consistent with the then-current JAMS arbitration rules and procedures.

Damages and Other Relief
Any Covered Claims arbitrated hereunder are subject to the same affirmative rights to individual damages and other relief and the same limitations regarding damages and ability to obtain other relief as would have applied in a judicial forum.

Modification and Termination
This Agreement survives the termination of my employment (or expiration of any benefit of my employment) with the Company. If I am later re-employed by the Company, this Agreement remains in full force and effect during my later employment and survives the termination of my later employment. This Agreement supersedes any prior agreement between the parties regarding the subject matter of dispute resolution.

Confidentiality
The parties shall maintain the confidential nature of the arbitration proceeding and the award, including all disclosures in discovery, submissions to the arbitrator, the hearing, and the contents of the arbitrator's award, except as may be necessary in connection with a court application for a provisional remedy under Cal. Civ. Proc. Code Section 1281.8, a judicial action to vacate or enforce an award, or unless otherwise required by law or allowed by prior written consent of both parties. This provision shall not prevent either party from communicating with witnesses to the extent necessary to assist in arbitrating the proceeding. In all proceedings to confirm or vacate an award, the parties will cooperate in preserving the confidentiality of the arbitration proceeding and the award to the greatest extent allowed by the National Labor Relations Act or other applicable law.

Construction
If any court of competent jurisdiction finds any part or provision of this Agreement void, voidable, or otherwise unenforceable, such a finding will not affect the validity of the remainder of the Agreement, and all other parts and provisions remain in full force and effect.

Governing Law
This Agreement is governed by the FAA and, to the extent not inconsistent with or preempted by the FAA, by the laws of the state of California without regard to principles of conflicts of law. MarketSource's business and my employment with MarketSource affect interstate commerce.

**I ACKNOWLEDGE THAT:**
- I have carefully read this Agreement, understand the terms of this Agreement, and am entering into this Agreement voluntarily;
- I am not relying on any promises or representations by the Company except those contained in this Agreement;
- I am giving up the right to have Covered Claims decided by a court or jury;
- I have been given the opportunity to discuss this Agreement with my own attorney if I wish to do so; and
- My affirmative signature and/or acknowledgement of this Agreement is not required for the Agreement to be enforced. If I begin working for MarketSource without signing this Agreement, this Agreement will be effective, and I will be deemed to have consented to, ratified and accepted this Agreement through my acceptance of and continued employment with MarketSource.

| APPLICANT/EMPLOYEE | MARKETSOURCE, INC. |
|---|---|
| *Rachel St—* (signature) | BY  Elizabeth Novak |
| Name (Signature) | |
| Rachel Styczynski   -4126 | Executive Director of Human Resources |
| Print Name / Social Security # | Title |
| 3/14/2016 | 3/14/2016 |
| Date | Date |